All rise. Illinois Court of Fifth Division is now in session. I will suggest that Jesse G. Reyes is presiding. Thank you. Please have a seat. All right. Mary, would you call the first case? Case number 15-265, Miss, in the matter of Doink Bank National Trust. Will both parties step up, please? All right. And would you identify yourselves for the record and who you represent? May it please the Court, Your Honor, my name is Omar Yudin. I'm the attorney of record for Defendant Appellant Plamen Iordanov. Good morning, Your Honors. Catherine Laceres, representing Deutsche Bank National Trust Company as trustee. Okay. Fifteen minutes apiece. And then you all say time for rebuttal? Yes? Okay. All right. How much time for rebuttal do you want to save? Five minutes, if that's all right. All right. Okay. All right. You may proceed. Thank you, Your Honor. And may it please the Court, Your Honor, there are many things that I disagree with plaintiff's counsel on this matter, but one issue in which I do agree. All right. Let me start with this. Let me ask you a question. So when your client purchased the home, received a loan, and there was consideration tendered over to the bank, correct? Correct. All right. So when the release was signed and executed, what was the consideration that your client tendered to the bank? According to the release document, it was in consideration of, I believe, $10, if I'm not mistaken, according to the release itself. Okay. Well, why was it never provided in the record? That I don't know, Your Honor. Okay. I can't vouch for why it wasn't offered into the record during the trial court proceedings. Did you say that was kind of important for the trial court and then for this court? It is a considerable piece of evidence, yes. I would certainly stipulate to that. Okay. With regards to the modification, who was your client modifying the loan with? It's clear from the record that the modification of the loan was with Deutsche Bank National Trust Company. Okay. But isn't your client asserting that they also don't have standing to bring this case? They are, Judge. So how could it be modifying a loan with someone who doesn't have standing? I would still stipulate, Judge, that there are rules and procedures for how promissory notes and loans are transferred from bank to bank. And regardless of settlement agreements with respect to the execution of the loan, those rules should still apply. It needs to matter you have an intervening third party, Chase Bank, that essentially released the mortgage believing that it had authority to do so. Well, see, I'm confused because if the bank here doesn't have standing to bring, Deutsche Bank doesn't have standing to bring this action, all right, and your client is raising that issue, then why wouldn't your client be trying to modify a loan with an entity that your client is now saying doesn't have standing to bring the cause of action? Why weren't they modifying the loan with JPMorgan Chase? Well, to be clear, there are certainly plenty of organizations that... The question is why weren't they trying to modify it with JPMorgan Chase? Well, I believe that in the past there were attempts to modify the loan with JPMorgan Chase. Ultimately, the record reflects that the modification was done with Deutsche Bank. There are plenty of circumstances... I have a question. How do we get around the fact that the standing issue is an affirmative defense that was never raised? How do we get around that? The way we get around that, Judge, is according to the fact that in this particular fact pattern, there is this massive intervening action by a third entity, Chase, that essentially made a dispositive decision... Chase's magical release then negates any obligation that your client had to raise standing below. Well, to take a step back, we're making a larger focus argument that the Rose Stone approach, with all due respect, is slightly misplaced. It misplaces the burden in this matter, and this fact pattern is a pretty good example of why. I understand that the First District has adopted the Rose Stone approach. I want you to answer Justice Brooks' question, but in terms of the fact pattern, where is it that JPMorgan Chase... You keep on referring to him as an intervening party. When did they intervene into this cause of action? Chase did not intervene into this cause of action. When I use the term intervene, I mean within the lifespan of the loan. In December of 2009. And that is the intervening event of the release. Correct. I don't mean specifically within the context of the litigation. But I think our larger focus is that the Rose Stone is promoting somewhat of a lax standard, and it's giving rise to a situation where, as here, foreclosing plaintiff's collegious capacity is mortgagee, which could give rise to a couple of meanings, including someone claiming the interest as successor or holder. They're claiming they're a mortgagee, and they attach nothing more than a copy of the note naming another entity as payee, the original lender, Long Beach Mortgage Company. So when they filed the complaint, you didn't raise the issue of standing. Correct. And then when they limited the complaint, you did not issue a firm defense indicating that there was a question about standing. That's also correct, Judge. So how do we get around Garner? I'm... I think that's going to... I understand that, Judge, because that's an important question. I guess the larger focus argument I would make is that that framework is incorrect. That the burden should be instead on the plaintiff to demonstrate that standing... That's not what the case law says. You're looking at Gilbert. I am looking at Gilbert, and I'm promoting the notion that Gilbert was the correct approach and the correct way to sort of view this person. And the reason I'm doing that is because Rose Stone is promoting an outcome where, as here, we have a foreclosing plaintiff that's pleading as its mortgagee, Deutsche Bank, and then it's attaching a note naming the original lender, Long Beach Mortgage Company, as the payee. In seven years, it makes no intervening attempt to attach any kind of promissory note or a loan or endorsement saying otherwise. Can I interrupt for just one second? I understand that you have your position, but the same seven years pass with the defendant in this case. The defendant was served with a complaint. They answered the complaint. They saw what was attached to the complaint. They did not challenge standing. They had to challenge standing. They filed every motion in the world. I can't... They certainly did. Okay, every motion in the world. Then there was an amended complaint. They filed another answer. They had another opportunity to raise standing. They did not raise standing. It is an affirmative defense. All cases say it is an affirmative defense. So haven't they forfeited that challenge, sir? Because they had the opportunity to do it, and they litigated for seven years. And then after seven years, all of a sudden, when we're at the motion to confirm the sale, they raise standing. Well, unless I've read the foreclosure law wrong, there are only four grounds to challenge the foreclosure when there's a motion to confirm sale. And none of this falls under those four grounds. If they do, tell me why. Well, I would... Again, I would largely concede that there were a whole lot of pleadings filed by my client over the course of seven years, none of which purported to raise the standing issue specifically. What we're hanging our hat on is the fourth prong. And I understand that, you know, the framework of 1508 within the context of the sale, those prongs largely relate to the conduct of the sale itself, whether notice was issued, whether the sale itself, the circumstances of the sale itself were unconscionable. And, I'm sorry, and the rule says they are mandatory. It has to be one of those four. It can't be anything other than one of those four grounds. Otherwise, the judge has to confirm the sale. And I understand that, Your Honor. I would say that our focus is primarily on that fourth prong of justice not otherwise being done. And why is justice not done if your client doesn't raise any defense of saying, I, from 2008 until now, I've paid the note. When he doesn't, I mean, when he hasn't said, I haven't done anything, or he or she haven't done anything for, I don't know, what is it, now? From 2008 to 2015. Right, for seven years. Where is justice not being done if they didn't do anything? No, and I can certainly concede that point. I would just simply reply, Your Honor, that the circumstances of this particular matter, where, you know, I don't often see situations where another entity, an outside entity, Chase Bank in this case, in reliance on a purchase and assumption agreement that was entered into, and again, I would stipulate that they're ended in that way. All right, hold on a second. So you're covering under 1508, right? B-4, all right? And you're telling us that we should look at it in terms of justice not otherwise done. Our Supreme Court has addressed this issue in terms of what are we supposed to look at with regards to justice not otherwise done, right? And in those circumstances, what the Supreme Court has said is that you have to look at whether or not the other party, which would have been the bank, perpetrated some type of fraud, prevented you on misrepresentation, or prevented you some way or other from being able to present your position. And in this case, it would have been the affirmative defense. That's what I kept on asking you about the affirmative defense. Nowhere in the argument have you raised the issue that Deutsche Bank did anything to prevent you from raising an affirmative defense. There was no misrepresentation. There was no fraud. So now you're saying that we shouldn't consider what the Supreme Court in Wells Fargo v. McCluskey has set out as the basis for looking at justice otherwise done? I would judge, because again, I think this is an atypical fact pattern. What's your authority for that? It's an atypical fact pattern. I don't have, I certainly don't have one. I would not be able to cite authority for that position. I would simply say that this is sort of an asymmetrical situation where, again, I come back to this, but there was a purchase and assumption agreement directly contradicting everything that Deutsche Bank was purporting as the chain of title. The judge ruled that it was an error on me. It was entered in error. And the defendant has not shown that it was not entered in error when he had the opportunity to do so. So is it once they issue the release, that's it? It's like your guy wins the lotto? It cannot happen in error? It's boom, release has happened, we're done. I'm not sure where you're getting that the judge abused their discretion on finding that it was error. But I would say that Chase relied on a purchase and assumption agreement naming it as having the authority to take this positive action with regard to a loan and nothing that Deutsche Bank had done over the course of the litigation had served to clarify its interest vis-a-vis Chase. They did when they filed a motion to rescind the release. But that motion didn't clear up the confusion in the chain of title with regard to Deutsche Bank's ability to sue on the loan. That purchase and assumption agreement is clear. It says, and it was introduced by my client in, I believe, the response to the second summary judgment motion. It's saying that, you know, no amendment or other modification or rescission, release, or assignment of any part of this agreement shall be effective except pursuant to a written agreement subscribed to by the parties here too, including Chase, you know, the assuming franchise. I'm, it's our position that this is sort of an asymmetrical situation where in reliance on a purchase and assumption agreement that had never been introduced into the record by any party until several years into the litigation. All right, let me ask a question then. On your motion to strike, all right, the complaint for, in particular, judgment and foreclosure and your motion for summary judgment. In paragraph four, you stated that Deutsche Bank was a successor and entrance to Long Beach Mortgage Company. That's an obliging, that's an admission. So how do you get around that? If you're telling us that, you know, the problem maker here or the, you know, the water in the ointment or whatever is J.P. Morgan Chase, that McLaren itself admitted that the successor and entrance in this case involved in this litigation was actually Deutsche Bank. And, you know, I can't defend that allegation except to say It's an admission by McLaren in a plea. Except to point to, you know, this is incredibly unsatisfying as it amounts to, well, they did it too, is that in the plaintiff's own response brief, they made two separate references to Chase as having authority over the loan. The first one saying on page seven of their response brief, because J.P. Morgan transferred its interest to plaintiff prior to the recording of the release, it no longer had an interest in the mortgage and the release was invalid. That was first. And second, they say on page seven, they characterize J.P. Morgan Chase as plaintiff's predecessor in interest. Now, how that would be the case when they're hanging their hat on the notion that Long Beach directly transferred its interest to plaintiff years and years ago defies explanation as well. So I could only simply point to the fact that it was a long case with a whole bunch of pleadings, some of which I didn't frankly understand all that well. But, you know, I would stipulate that that was most likely made in error by my plaintiff. So what is the release that you're seeking? Well, we're seeking that the order of opening sale be reversed as well as the order of summary judgment and judgment of foreclosure. You didn't argue the summary judgment motion in your brief. And plaintiff noted that in their response, you know, the notion that we abandoned in our appeal the judgment of foreclosure and it remains our position that we're appealing the judgment of foreclosure and sale. The notice of appeal was specific as was the document statement. And I'll stipulate that it wasn't raised in the brief. But we, the notice of appeal specified that the appeal was being taken from not just the order of opening sale but also the summary judgment order and any order incorporated therein. It's clear to us that the judgment of foreclosure and sale was its. I hate to interrupt you. But we know what the notice of appeal says. The issue is whether or not you briefed the issue in your opening brief. And if you did not, the law is clear that you have forfeited that issue or abandoned it. Whatever terminology is the popular one now, abandonment, waiver, forfeiture, whatever, it's gone if you don't raise it. And you're agreeing you did not raise it in your opening brief. I would say in our reply brief, we do note that no one... I would say your reply brief is in your opening brief. I understand. It's our position that no order of approving sale can possibly be approved if it's the direct result of a judgment of foreclosure and sale entered on behalf of a party that lacks standing to sue and displayed it as egregiously as the plaintiff did in this instance. I'll certainly stipulate that we could have made that point more clearly in the brief. And we would just say that given the continued pattern of indifference to displaying a clear and coherent chain of title, summary judgment shouldn't have been entered in under 1508D, the sale shouldn't have been confirmed. And we request that the decisions of the circuit court in enacting these orders be reversed. Thank you.  May it please the Court, Your Honors, I'm Katherine Laceris again on behalf of Deutsche Bank National Trust Company as trustee. As Your Honors have noted, the standing argument was raised because the borrowers failed to raise the standing affirmative defense in response to the complaint, in response to the amended complaint. They did not file a motion to dismiss based on lack of standing. Indeed, even plaintiff's counsel or borrower's counsel has conceded that they did not raise the standing issue until in response to the motion to confirm the sale. And in fact, this case is analogous to the first district case nationwide v. Ortiz. The site is 2012 Illinois App 1st, 112755. This case is very factually similar. In Ortiz, the court, this court held that the borrower Did you cite that in the brief? I believe so, Your Honor. Okay. This court held that the borrower waived his standing affirmative defense by failing to raise it until the briefing on the motion to approve the sale. Let me ask you a question. Why don't you attach the assignment? This thing was in the trial court. It's so much simpler. This thing was in the trial court for seven years. It certainly would have made my job simpler today. However, plain and simply, the foreclosure law only requires at that time, this case was filed in 2008, at that time, and plaintiff has conceded this in the briefing, or I'm sorry, the borrower has conceded this in the briefing, in order to establish standing, the plaintiff need only attach copies of the note and mortgage to the complaint. Wouldn't it have helped the trial judge to be able to make a determination as to what the chain was? The sale directly from Long Beach to Deutsch? Your Honor, in the briefing on the second summary judgment. Now, that's not my question. My question, wouldn't it have made it a lot easier for the trial judge? It would. It would, but it's not required. It was not required under the law. And in Ortiz, as here, the borrower made the same argument. They allege that the plaintiff lacked standing to foreclose because the assignment of mortgage was not executed until after the filing of the complaint. And in Ortiz, as here, borrower did not raise this argument until after the judgment foreclosure was entered in response to the order approving sale. And this court held that although there was not clear evidence that plaintiff owned the loan at the time the claim was filed, the fact that the defendant lived in the property for two years without making mortgage payments cannot be ignored. And in so holding, the court held that under the Section 1508 analysis, there was no, they could not file. How long has it been here since they made a payment? Seven years. It's been eight years, but we're not counting the last. Right. Just the suitless one. They have not made a payment since 2008, so here the borrowers have lived in the home for much longer than two years, so they certainly have a less strong case for finding that justice was not otherwise done. Now, McCloskey points to what we, the factors we look for in determining whether justice was not otherwise done. Plaintiff has, or borrower has conceded that under Section 1508B, he does not have, he cannot establish any of the first three grounds for vacating the sale. So he hangs his hat, as he says, on the justice otherwise not being done problem. However, we cannot say that the trial court abused its discretion in not confirming the sale. The statute provides that they must confirm the sale unless one of those four grounds are met, and McCloskey makes clear that once a motion to confirm the sale has been filed, objections to confirmation cannot be based simply on a meritorious pleading defense to the underlying foreclosure complaint. So the standing defense, even if it was a sufficient defense, it doesn't matter under McCloskey. Furtherwise... Let me ask you something about McCloskey. McCloskey says that the lender must do something in terms of fraud or misrepresentation to prevent them from raising a meritorious defense, right? That's correct. Okay, so the fact that you didn't provide the assignment, can't we infer that that was a form of misrepresentation because the whole gist here is, did you have a clear title to the note? No, Your Honor, respectfully. Under the foreclosure law as it existed at the time, the plaintiff was not required to do that. And further, when you look at the appellate cases where the courts have affirmed a justice not otherwise being done finding, they're very different. For example, in Fleet Mortgage v. Deal, the lender mistakenly foreclosed after the borrowers exercised their right to redeem. In that case, the appellate court affirmed. They found that the interest in requiring stability in judicial sales could not be given ascendancy over protecting the mortgagor's redemption rights. Similarly, in Commercial Credit v. Espinoza, the appellate court affirmed the trial court's finding where there was a combination of two factors. The sales price was only a sixth of market value, and also the lender repeatedly ignored borrowers' requests regarding how to redeem the property. And so McCloskey, in analyzing these cases, sort of looks at two factors. They hold that justice is not otherwise done where there's some sort of affirmatively bad conduct of the lender that affects the borrower's substantive rights with respect to the redemption of the property. And none of those factors are present here. I would also direct your honors to U.S. Bank v. Manguardi 2015 Illinois Act 2D-140414, in which the second district held that no grounds existed for the trial court to deny a motion for order approving sale, again, because the borrower waived a standing defense by failing to raise it in response to the plaintiff's summary judgment motion. And interestingly, that court also found that because there was no transcript provided with the record on appeal, the court could not find that the trial court abused its broad discretion in concluding that grounds did not exist under Section 1508B to refuse confirmation of the sale. It's the appellant's burden to provide a complete record on appeal, and they have not done that here. There's no transcript from the hearing. So there is no basis to overturn the sale. And in addition, with respect to the summary judgment order, the judgment of foreclosure and sale, that issue was clearly waived when the borrower failed to raise it in his opening brief. The case law does provide that even where an issue is raised in a party's notice of appeal, even where it's identified in the notice of appeal as an issue being appealed, a party waives that by not addressing it in his opening brief, which the borrower failed to do. We've pointed this out in our response brief, and the borrower did not address this in the reply brief. So that issue respectfully was waived. What about the reliance on Gilbert? So we don't even have to get to the Gilbert analysis, first of all, because under 15... Oh, go on, go on. Certainly. So essentially, the appellant is asking you to abrogate Rose Stone. And Rose Stone provides correctly that the Gilbert court misplaced the burden of proof on the plaintiff. So the inner Supreme Court is clear that standing is an affirmative defense that must be both pled and proved by the defendant. And in Rose Stone, which had a very similar set of facts to the instance case, this court held that it is not sufficient to merely attach an assignment of mortgage that was executed after the filing of the complaint in order to satisfy the burden of pleading and proving a standing affirmative defense. So the burden never shifted back to plaintiff. Rather, the Rose Stone court argued the borrower should have done something, perhaps, you know, in deposition, testimony, others form... Interrogatories. Interrogatories. Here, the borrower's issued no discovery whatsoever. This issue was waived. So we don't even have to get to the Rose Stone analysis, but looking at Rose Stone, it's clear that these facts require the court to follow the Rose Stone analysis unless it chooses to abrogate Rose Stone. And here, even if that were the case, this case is factually dissimilar from Gilbert, because in Gilbert, there was no waiver of the standing defense. Rather, in Gilbert, the Gilbert borrower raised the standing affirmative defense in his answer, and he also moved for summary judgment. So he raised it affirmatively twice. So there was no waiver there, as there is here. There are numerous cases in which courts have held that a standing affirmative defense is waived, if not raised in response to a summary judgment motion, in an answer, or in a summary judgment motion. Cases both in the first district and the second and third. The second and third districts also clearly hold that the party has to affirmatively raise the standing affirmative defense in a summary judgment motion. Here, plaintiff conceived that he did not raise standing until the motion to confirm. So because of that, under the 1508 analysis, he cannot now argue that justice was not otherwise done, such that the judge abused his discretion by entering the order approving sale. As your honors have recognized, he litigated this case actively, including motions, over the course of seven years, and never raised the standing issue until seven years into the litigation, after having the benefit to live in the home without paying any mortgage payments. We can't point to any fraudulent conduct on the part of the lender. Yes, would it have been easier if the assignment of mortgage  It would. However, that was not required by the law. Under the law, the judgment of foreclosure contains a factual finding that the plaintiff had standing to foreclose, and as your honor recognized, the fact that the borrower admitted in his answer that he was attempting to enter into a loan modification with plaintiff is almost akin to a judicial admission that the plaintiff had standing to foreclose. I have a question about the release. Council member arguments indicated that there was some consideration tendered to J.P. Morgan Chase for $10, but it doesn't appear that there's anywhere in the record where there was anything brought before the trial court that there was some type of satisfaction provided to J.P. Morgan Chase. Your honor, I'm not certain of the answer to that question. It was not an issue on appeal, but if it is material to your decision, Well, I mean, it goes to release because the question is, if it is material to release, which was contested as well, and there doesn't appear to be anything in the record indicating that there was any evidence presented that the defendant in the case below satisfied the release. Right. Your honor, in response to our summary judgment motion, or in connection with our summary judgment motion of the amended complaint which contained the counts to rescind the release, we provided a payment history showing that the loan had not been paid off, and that issue was fully briefed, but actually in the briefing on the appeal, I don't believe they even raised this theory that the release provides this asymmetrical fact pattern that requires Thank you, Judge. So this is a new theory, again, a completely new theory, and it's not in line with the cases that McCloskey relies upon. So we cannot say that this court erred in finding that justice was not otherwise done in confirming the sale, particularly given the very high abuse of discretion standard here. We cannot say that no reasonable judge would read Section 1508 to require him or a court to deny the motion to approve sale based upon a standing affirmative defense that was not raised during seven years of litigation where the borrowers have lived free in the property for that time. So for those reasons, respectfully, we request that you affirm. Thank you. Thank you. Counsel? Very quickly, Your Honor. I would just submit that, you know, the Supreme Court adopted Rule 113B for a reason, I think, to prevent situations such as In 2013. No, that's correct. Not in 2008. No, this would not, technically speaking, retroactively apply. Our position is that they adopted these rules precisely to avoid situations like this where, you know, a plaintiff is alleging that it's a Mark G, it's attaching a note naming another entity, does nothing in the intervening period to attach additional documentation evincing its right to sue, even when there's an amended complaint. And in my experience with litigation, that's the first move when there's any kind of issue raised, as with here, a release that came in from a third party necessitating the plaintiff to come in with an amended complaint with a declaratory judgment saying, hey, Chase has nothing to do with this. Usually, typically, in these situations, a quick fix would be fixing an assignment, whereas here, an assignment that had presumably been existing for a couple years. In reliance on this, on a purchase and assumption agreement, Chase takes dispositive action with regard to the mortgage, believing that it had the authority to do so, and the parties, multiple parties are kind of left scrambling to contain the fallout. It's our position that 113 was designed to address situations like this. A plaintiff could very easily have solved this problem by taking an assignment that was apparently recorded mere weeks after the filing of the instant complaint and attaching it. And they didn't do that. And it lasted for seven years. Now, it's not, I understand that this is sort of in a vacuum of the theoretical exercise where an eager defense counsel could, you know, make a big hash of the standing issue, but this is an instance where there are actually real consequences. Chase relied on a purchase and assumption agreement that was not addressed by the plaintiff, and it believed that it had the authority to take a decisive action with regard to the obligations on the loan, and it did so. And I believe that the... So what was the argument with Chase? What was the... Sorry, Your Honor? With regard to Chase, admittedly, other than generating a lot of paperwork, I can't presume to know what the harm to a multinational entity like that would have been. Probably some poor sop in an office spending extra time taking care of the release and dealing with it, dealing with it. But I'm just saying that in seven years, the burden on plaintiff would seemingly be not that onerous to solve, and when there are consequences that deal with confusion and as to who's obligated to pay, who's obligated to be paid on the loan, this is something that this is an issue that has real consequences, and our view rises to the 1508 prong, and for those reasons we request that the order approving settle and the judgment be reversed. Thank you. We want to thank all the counsels for a long, arduous matter. This court will take this under advisement. Court is adjourned.